UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT VISION TECHNOLOGIES, L.P. | § § § | |
| vs. | § | CASE NO. 2:05-CV-491-CE |
| CIBA VISION CORPORATION | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Rembrandt Vision Technologies, L.P.'s ("Rembrandt") motion to sever claims relating to post-verdict infringements and request for discovery (Dkt. No. 409). In this motion, Rembrandt requests the court to sever Rembrandt's continuing causes of action for post-verdict infringement of U.S. Patent No. 5,712,327 ("the '327 patent") into a separate case, allowing the court to enter final judgment. Defendant CIBA Vision Corporation ("CIBA") opposes Rembrandt's request. CIBA argues that the request is premature given the pendency of numerous motions, the inequitable conduct ruling, final judgment, and the injunction issue. As to the injunction issue, the court has not received a request for injunction from Rembrandt. Additionally, as the court issued an order addressing the inequitable conduct issue on September 26, 2008 (Dkt. No. 426) and has rendered a Final Judgment contemporaneous with this order, the court rejects CIBA's argument. Accordingly, the court severs plaintiff's continuing causes of action for post-verdict infringement of the '327 patent. Rembrandt's post-verdict causes of action are assigned case number 2:09-CV-40. Rembrandt shall file an appropriate complaint, in the new case, within ten days of this order. CIBA shall file an answer within the time provided by the Federal Rules of Civil Procedure.

With respect to Rembrandt's request for discovery, CIBA argues that the requested discovery entails new products that were never a part of the underlying case. The court rejects this position. The court grants Rembrandt's request for discovery in this case concerning CIBA's raw data and testing, product and manufacturing specifications, and FDA correspondences relating to its contemplated modifications to the design or manufacture of the Focus Night and Day and $O_2$Optix contact lens products. The court also grants Rembrandt's request for discovery of the same corresponding to the $O_2$Optix Custom contact lenses and any other silicone hydrogel contact lens product of CIBA made, used, or sold, or imported into the United States since the issuance of the verdict. Such discovery may be conducted in the new case as ancillary to the claim for post verdict infringement.

Further, CIBA is ordered to file, in the new case, monthly reports identifying the number of units sold with regard to all of CIBA's products found to infringe the '327 patent. The monthly reports of past sales shall begin on the date of the verdict on February 6, 2008, and continue through the alleged design-around date for Focus Night and Day and O2Optix contact lens products.[1]

The court has rendered a Final Judgment contemporaneous herewith. In that judgment, the court awarded Rembrandt pre-judgment interest consistent with the average ninety (90) day commercial paper rate, as established by the Federal Reserve Board. The court believes that a rate consistent with the commercial paper rate is appropriate for a case brought pursuant to

---

[1] In its motion to amend its motion for entry of judgment (Dkt. No. 442), Rembrandt asserts that CIBA began implementing design-arounds for Focus Night and Day lenses on December 31, 2008 and for $O_2$Optix lenses on July 31, 2008. However, Rembrandt also indicated its willingness to accept different alleged design-around dates as indicated by CIBA in a verified declaration. The court orders the parties to meet-and-confer regarding the correct design-around dates.

federal law. The court used the commercial paper rates for the time period from November, 2005, to the date judgment was entered to calculate the pre-judgment interest award.

SIGNED this 26th day of February, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE